UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWNA KARNES, et al.,

                Plaintiffs,                                Hon. Hala Y. Jarbou

v.                                                Case No. 1:22-cv-0453

TIFFANY MONTENGO, et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiffs Shawna Karnes and Jeff Glaser initiated this action *pro se* apparently seeking to reverse the decision of the Cass County Circuit Court to remove two minor children from their home.  (ECF No. 1).  The complaint is hardly a model of clarity.  It names a Tiffany Montengo and "CPS" as defendants, without further identifying them.  The undersigned has been unable to discern any factual allegations against them.  The undersigned has determined, however, that there is a Tiffiny Montengo who serves as the Chief Assistant Prosecutor for Cass County.[1] It would appear that Plaintiffs intended to name her, but misspelled her first name. The undersigned assumes that "CPS" is a reference to Children's Protective Services, a program run by the Michigan Department of Health and Human Services, which is responsible for investigating allegations of child abuse and neglect.[2]

---

[1] *See* www.casscoprosecutor.com/Contact-Us (last viewed June 2, 2022).

[2]   *See*   www.michigan.gov/mdhhs/adult-child-serv/abuse-neglect/childrens  (last viewed June 2, 2022).

Plaintiffs have been permitted to proceed as paupers. (ECF Nos. 6, 7). Accordingly, the Court has reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiffs' complaint be dismissed.[3]

The gravamen of the complaint appears to be Plaintiffs' disagreement with the decision of the Cass County Circuit Court to remove two minor children from their home. Plaintiffs seek a "[r]ebuttal to order to take children into protective custody." (ECF No. 1, PageID.2). This Court lacks jurisdiction to review the decision of the Cass County Circuit Court. In addition, the complaint fails to include any factual allegations that would support a cognizable claim.

## ANALYSIS

### I. The Court Lacks Subject Matter Jurisdiction.

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts. As the Supreme Court has long recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court

---

[3] The complaint includes photographs of the minor children, along with their names and other personal information, which should not have been placed on the public record. Accordingly, the Court has placed the complaint under restricted access.

can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

The *Rooker-Feldman* doctrine is "a narrow rule based on the idea that federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts." *Durham v. Haslam*, 528 Fed. Appx. 559, 563 (6th Cir., June 13, 2013) (citations omitted). This doctrine applies where a litigant "initiates an action in federal court, complaining of injury caused by a state court judgment, and seeks review and rejection of that judgment." *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012).

*Rooker-Feldman* applies where the state court judgment is the source of a litigant's injury, but does not apply where the state court judgment is simply "intertwined with" the state court judgment. *Durham*, 528 Fed. Appx. at 563. To determine which category Plaintiff's complaint falls into, the Court must assess "whether the state court decision caused [Plaintiff's] injury," and the court "cannot determine the source of the injury without reference to [Plaintiff's] request for relief." *Ibid.*

Again, while the allegations in Plaintiff's complaint are difficult to discern, the relief Plaintiff seeks is quite clear. Plaintiff expressly asks this Court to "rebut" the Cass County Circuit Court's "order to take children into protective custody." (ECF No. 1, PageID.2). As such, Plaintiffs' claim is precisely the type that is precluded by the *Rooker-Feldman* doctrine. Having determined that the Court lacks subject matter jurisdiction over the claim, the undersigned recommends that it be dismissed.

3

## II.    The Complaint Fails to State a Cognizable Claim.

Plaintiffs appear to contest the findings of the Cass County Circuit Court that Plaintiff Jeff Glaser sexually abused one of the minor children, which formed, in part, the basis for its decision to remove the children from the home.    (*See* ECF No. 1, PageID.2-6).    As noted above, the complaint is devoid of any allegation against either defendant, one of whom (Ms. Montengo) is a county prosecutor, who enjoys immunity,[4] and the other (CPS) a program, not a party.[5]    As such, even if this Court had subject-matter jurisdiction, the complaint must be dismissed for failure to state a cognizable claim.

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint☐s allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).    As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"    *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).    This plausibility standard "is not akin to a 'probability

---

[4] Under common law, prosecutors enjoy absolute immunity for acts committed during the performance of their duties as advocates for the state.    *See Garber v. Deisch,* Case No. 1:16-cv-00455-PJG, 2018 WL 1477580 at *8 (W.D. Mich. March 27, 2018) (citing *Yaselli v. Goff*, 12 F.2d 396, 406 (2d Cir. 1926)).

[5] To the extent Plaintiffs intended to sue the Michigan Department of Human Services, that state agency enjoys sovereign immunity under the Eleventh Amendment.    *See, e.g., Harnden v. Michigan Dep't Human Servs*, Case No. 16-cv-13906, 2107 WL 3224969 at *4 (E.D. Mich. July 31, 2017).

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

For the reasons discussed above, the complaint in this case falls well short of this standard.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that the complaint be dismissed and this action terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiffs would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 6, 2022                    /s/ Phillip J. Green
                                      PHILLIP J. GREEN
                                      United States Magistrate Judge

5